```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                    :
JEFFREY L. MUSGROVE,                :
                                    :
        Petitioner,                 :   Civ. No. 19-5222 (NLH)
                                    :
    v.                              :   OPINION
                                    :
WARDEN DAVID ORTIZ,                 :
                                    :
        Respondent.                 :
_____ :
```

APPEARANCES:

Julie A. McGrain, Esq.
Office of the Federal Public Defender
800-840 Cooper Street, Suite 350
Camden, NJ 08102
    Counsel for Petitioner

Jessica Rose O'Neill, Esq.
John Andrew Ruymann, Esq.
Office of the United States Attorney
401 Market Street
P.O. Box 2098
Camden, NJ 08101
    Counsel for Respondent

HILLMAN, District Judge

    Petitioner Jeffrey L. Musgrove ("Petitioner"), a prisoner presently incarcerated at the Federal Correctional Institution at Fort Dix in Fort Dix, New Jersey, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Petitioner's sole grievance raised in the Petition is that he has been confined in excess of his maximum term because the Federal Bureau of Prisons has failed to recalculate his good time credits under the new method provided

in the First Step Act, Pub. L. No. 115-015, 132 Stat. 015 (2018).  ECF No. 1.  In light of Petitioner's allegations, the Court ordered an answer to the Petition and appointed counsel for Petitioner.  ECF Nos. 3, 4.  Respondent filed an Answer to the Petition (the "Answer").  ECF No. 7.  Petitioner filed a reply to the Answer (the "Reply").  ECF No. 8.  The Petition is now ripe for disposition.  For the reasons stated below, the Petition will be denied.

**I. BACKGROUND**

Petitioner was originally sentenced in the U.S. District Court for the Eastern District of Virginia on July 9, 2010 and is serving a 130-month term of imprisonment for drug distribution and firearms related offenses.  ECF No. 1. Petitioner's current projected release date is May 27, 2019, which includes credit for good conduct time.  Id.  Petitioner seeks recalculation of his sentence as it relates to the calculation of his good time credits as a result of the passage of the First Step Act.  Id.  Petitioner contends that the recalculation of his good time credits would have resulted in a release date of March 23, 2019 if the Bureau of Prisons utilized the formula for calculating good time credits contained in the First Step Act.  Id.  In support of his argument, Petitioner argues that the new formula for calculating good time credits outlined in the First Step Act was intended and should be

construed to be implemented immediately and not delayed 210 days like certain other provisions contained in the Act. See ECF No. 8.

**II. DISCUSSION**

    **A. Legal Standard**

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). The Court has jurisdiction over the Petition and venue is proper in this District pursuant to 28 U.S.C. § 2241 because the Petition challenges the execution of his federal sentence and he is presently confined in the District. See Coady, 251 F.3d at 485; Zayas v. INS, 311 F.3d 247, 256 (3d Cir. 2002) (identifying "applications challenging the manner in which a valid federal sentence is carried out" as an example of a "categor[y] of habeas petitions filed under § 2241").

    **B. Analysis**

The Sentencing Reform Act of 1984 modified the rate at which federal prisoners could earn good time credit, providing in 18 U.S.C. § 3624(b) that prisoners could receive "credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment." In implementing this

statutory provision, the Federal Bureau of Prisons ("BOP") developed a method of calculation that counted 54 days against time actually served as opposed to the sentence as imposed, which, in practical effect, results in federal prisoners only receiving 47 days of credit for each year of the term of imprisonment. The BOP's interpretation of the good time credit provision in 18 U.C.S. § 3624 was challenged but ultimately upheld as a reasonable interpretation of the statute by the Supreme Court of the United States in Barber v. Thomas, 560 U.S. 474 (2010). Since then, eligible federal prisoners receive 47 days of good time credit for each year of the term of imprisonment.

The First Step Act, Pub. L. No. 115-015, 132 Stat. 015 (2018), signed into law on December 21, 2018, provides comprehensive federal criminal justice reform by, *inter alia*, creating a new risk and needs assessment system to provide appropriate programming for prisoners and amending the good conduct time statute, 18 U.S.C. § 3624(b), to specify the method of calculation to be utilized by the BOP for the pre-existing good time credit provision. Under the method of calculation specified by the First Step Act, federal prisoners will receive 54 days of good time credit for each year of imprisonment as measured by the full sentence as originally imposed.

4

Petitioner seeks to receive the benefit of the First Step Act's amendment to § 3624(b)'s calculation of good time credits so that he receives 54 days instead of the 47 days per year, which would make him eligible for release immediately. For the reasons explained below, however, Petitioner cannot obtain such relief as the new method of calculating good time credits is not yet effective.[1]

The amendment of 18 U.S.C. § 3624(b) to specify the method of calculation for good time credits is contained within Section 102(b) of the Act. At the end of Section 102(b), the law provides a delayed effective date for "this subsection" contingent on the development and release of the risk and needs assessment system:

> (2) EFFECTIVE DATE.—The amendments made by this subsection shall take effect beginning on the date that the Attorney General completes and releases the risk and needs assessment system under subchapter D of

---

[1] Generally, a prisoner must exhaust all stages of the administrative remedy system prior to the filing of a habeas petition under 28 U.S.C. § 2241. See Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981). Exhaustion may be excused, however, if (1) it would be futile, (2) the actions of the agency clearly and unambiguously violate a statutory or constitutional right, or (3) the administrative remedy process would be clearly inadequate to prevent irreparable harm. See Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988). Here, exhaustion would be futile as there is no merit to Petitioner's claim and as Petitioner states in his Petition, the BOP has advised that it will not recalculate his good time credits until the effective date of the provision regarding the new method of recalculation. As such, the Court may excuse the general habeas exhaustion requirement as futile.

chapter 229 of title 18, United States Code, as added by section 101(a) of this Act.

Under Section 101 of the Act, the Attorney General must develop and release the new risk and needs assessment section within 210 days from its passage, which has not yet occurred.  <u>See</u> Section 101(a) (codified as amended at 18 U.S.C. § 3632(a)).

The plain language of the First Step Act, and in particular Section 102, provides that the new method of calculating good time credit is delayed until the Attorney General "completes and releases the risk and needs assessment system," pursuant to Section 102(b)(2) and for which the Attorney General has 210 days to release the new system pursuant to Section 101(a). There is no ambiguity as to which subsection the "Effective Date" applies in Section 102.  Specifically, Section 102 contains two subsections:  (a) regarding "Implementation of System Generally" and (b) "Prerelease Custody."  Subsection (b) of Section 102 contains the new method of calculating good time credits at 102(b)(1)(A) and also the new provisions regarding prerelease custody at 102(b)(1)(B).  It also provides at 102(b)(2) that the effective date of "[t]he amendments made by this subsection" to be "the date that the Attorney General completes and releases the risk and needs assessment system under subchapter D of chapter 229 of title 18, United States Code, as added by Section 101(a) of this Act."  It is plain from

6

the language of Section 102 that the reference to "this subsection" in 102(b)(2), "Effective Date," applies to the entire subsection (b), which contains both the new method of calculation of good time credits and the new forms of prerelease custody.

Petitioner argues that the "Effective Date" specified in 102(b)(2) should only apply, or was only meant to apply, to 102(b)(1)(B)'s new forms of prerelease custody and not 102(b)(1)(A)'s new method of calculation of good time credits. Such a position is incorrect. It is a general rule of legislative drafting that the lower-case letter under a section is referred to as a "subsection" and the numeral below the subsection is referred to as a "paragraph." See U.S. House of Representatives, Office of the Legislative Counsel, "Guide to Legislative Drafting," at https://legcounsel.house.gov/HOLC/Drafting_Legislation/Drafting_Guide.html. "The terminology for referring to units within a section has become highly standardized and should be carefully followed to avoid confusion." Id. The breakdown of a section of legislation is as follows:

> **SECTION 1.** ("SECTION for 1st section and "SEC." for subsequent sections, followed by Arabic numeral)
>> **(a) (Subsection)** (lower case letter)
>>> **(1) (Paragraph)** (Arabic numeral)
>>>> **(A) (Subparagraph)** (upper-case letter)

7

> **(i) (Clause)** (lower-case Roman numeral)
> **(I) (Subclause)** (upper-case Roman numeral)

Id. (emphasis in original). The organization of Section 102 makes clear that the "effective date" provided in Section 102(b)(2) applies to all of subsection (b). As such, Petitioner is not yet entitled to the recalculation of his good time credits under the method provided in the First Step Act.

The Court understands Petitioner's argument to the extent that it is unclear why a simple arithmetic calculation must be delayed 210 days and that some legislators may have intended the new method of calculation to be immediately effective. But this Court must follow the text actually approved by Congress when it passed the Act and endorsed by the President when he affixed his signature to it. It is not the province of the Court to create ambiguity where there is none or to imply an unexpressed intention when the language of the legislation is plain and clear. See Shah v. Hartmann, No. 18-cv-7990, ECF No. 12 (N.D. Ill. Jan. 3, 2019) (dismissing § 2241 petition seeking recalculation of good time credits under the First Step Act as premature and noting that "Congress chose to delay the implementation of the First Step Act's amendments until the Attorney General could complete the risk and needs assessment. The Court has no power to rewrite or disregard the statute in

order to accommodate Petitioner's situation."). As such, the Petition must be denied.

**IV. CONCLUSION**

For the above reasons, the § 2241 habeas petition is denied. An appropriate Order follows.


Dated: May 24, 2019                s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.